**WEHNER, Estate of, In re: WACHUTA, Admrx., Plaintiff-Appellant, v. FIORELLI et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22900. Decided July 6, 1953.

H. H. Felsman, Cleveland, for plaintiff-appellant.
Alan Meltzer, Cleveland, for defendants-appellees.

**OPINION**

Per CURIAM:

This appeal comes to this court on questions of law from an order of the Probate Court removing the appellant as administratrix of the estate of Edward O. Wehner, deceased, and appointing the appellee whom the probate court found to be an adopted son of the deceased, as such administrator.

Prior to the trial of the motion seeking the removal of the appellant (who is a sister of the deceased) as administratrix of the said estate, a petition to determine heirship was filed in the common pleas court. It is the contention of appellant that the probate court should have withheld the action on the motion to remove appellant as administratrix until the common pleas court had determined who the heirs of the decedent were.

There is no doubt but that both the common pleas court and the probate court are each vested with jurisdiction to determine heirship and that the court which first acquires jurisdiction for that purpose has the exclusive right to determine such issue. **Kane v. Kane, 146 Oh St 686.**

The probate court is vested with exclusive jurisdiction in the management of the administration of estates of deceased persons. The motion to remove the appellant as administratrix comes clearly within such exclusive jurisdiction. The fact that the court removed the appellant because it found appellee by its own record to be an adopted child, and therefore entitled to be administrator of such estate, as against the appellant, who is a sister, whose application for letters of administration of said estate failed to mention the names of the adopted children, does not determine the issues of the case pending in the common pleas court, wherein the persons who are the legal heirs of the deceased will, upon trial, be determined. While such questions are awaiting trial in the common pleas court, the estate and its administration under the jurisdiction of the probate court must continue.

The judgment of the probate court appointing appellee as administrator of said estate is therefore affirmed. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.